(No. 2565— )

CARL JOHNSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1937.*
*Rehearing denied October 13, 1937.*

CARPENTER, NELTNOR & SCOLNIK, for claimant; CHARLES E. CARPENTER and ROY A. PTACIN, of counsel.

OTTO KERNER, Attorney General; JOHN KASSERMAN and GLENN A. TREVOR, Assistant Attorneys General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed January 7, 1935 for Ten Thousand ($10,000.00) Dollars. The complaint alleges that the claimant, Carl Johnson, is a resident of Marengo, McHenry County, Illinois; that on December 17, 1933, he was employed by the respondent, State of Illinois, in the Division of Highways in McHenry County and his services consisted of the maintenance of surfaced highways, state routes 23 and 67 for which he received One Hundred ($100.00) Dollars per month. That on December 17, 1933 while claimant was proceeding in a truck supplied by the respondent from Capron to Marengo in said County in the performance of his duty as State Highway Patrolman and while exercising all due care for his own safety, a passenger automobile came directly towards the truck driven by claimant. That claimant, to avoid a collision with said automobile, and to prevent injury to himself and others, drove said truck off the highway and into a culvert; that claimant, Carl Johnson, was violently thrown to the ground, greatly hurt and as a result permanently injured. That among other injuries claimant suffered a fracture of one vertebra in the spinal column in the region of the neck, several ribs were torn loose from the spinal column, and he is permanently disabled and unable to work at his usual occupation and has lost profits and wages he could have earned if not injured as aforesaid.

That as a result of said injuries claimant was unable to perform his usual tasks in the employment in said Division of Highways and was confined to the hospital and his home from December 17, 1933 to April 4, 1934; that during said period he received his monthly salary for January, February and one-half of March, 1934. Claimant returned to work in said Division of Highways on April 4, 1934.

As a result of said injuries claimant was confined to hospitals and put under physicians' care, and incurred medical and hospital bills for the same to the amount of Four Hundred Ninety-eight ($498.00) Dollars which have been paid by respondent.

Respondent raises the issue as to whether claim was made within six months after the accident occurred, and as to whether application for an award was filed within one year after such accident, as required by *Section 24* of the *Workmen's Compensation Act*. Whether we treat the payments made to plaintiff by respondent in December, 1934 and in January, February and March, 1935 as wages or compensation, is immaterial under recent decisions of the Supreme Court of this State. Such payments tolled the running of the statute. This court finds that the claim and application were made within apt time, and that the court has jurisdiction of the parties and the subject matter.

The third issue raised by respondent is "Upon what basis can an award be made?"

Claimant by counsel, contends that there is a "disfigurement," "a permanent deformity" of his neck, compensable under *Section 8 (c)* of the *Workmen's Compensation Act*. Compensation for such disfigurement, if any, was not provided for under the said Act as it read in 1933, when the accident occurred. Determination of relief is restricted to the statute as it then existed.

Claimant further contends for an allowance for permanent, partial loss of use of his right arm, under *Schedule 8 (e)* of the Act, and for permanent partial loss of hearing of one ear. A general contention is also made for partial, permanent disability. The testimony as to any loss of hearing is negligible, claimant testifying (Abst. p. 9) in answer to the question, "Any injury to your hearing?" "A little." The evidence as to his general disability is not sufficient to support an award therefor. He was injured December 17, 1933.

He returned to work April 4, 1934, and was paid the same wages and performed the same duties as before his accident. In July, partly due to a change in method of pay and partly to a change of his status as foreman, he was put on an hourly pay basis instead of a flat rate of One Hundred ($100.00) Dollars per month, and thereafter received Eighty-five and 95/100 ($85.95) Dollars for July—Ninety-seven and 40/100 ($97.40) Dollars for August—Eighty-six ($86.00) Dollars for September—Ninety-five ($95.00) Dollars for October and Eighty-one ($81.00) Dollars for November, 1934. In answer to the question of what character of work he has done since becoming a helper on Highway maintenance work (Transcript p. 19) he testified, "General work: Whatever there was to do. Although I have been favored some, I can practically do any of it." The part that he apparently cannot do is seemingly due to the disability in his right shoulder and arm. The evidence shows (Transcript p. 11) that when working with a horse he cannot put the harness on it because he cannot get his arm up high enough. A fellow-employee, William A. Giblin, testified that, "Plaintiff cannot raise his right arm as high as his shoulder and he can't lift or carry any heavy weight." The medical testimony by Dr. E. J. Berkheiser, an orthopedic surgeon of Chicago, who first examined plaintiff on February 10, 1934, supports the above evidence; the Doctor testifying that there is considerable limitation of motion in plaintiff's right shoulder, due probably to adhesions and thickening of the soft structure about the shoulder joint.

It is difficult, under the evidence, to determine the per cent of disability, or loss of use of plaintiff's right arm, suffered by him. From a careful consideration of the entire record the court is of the opinion that the record supports an award of 33 1/3% loss of use of such member. *Section 8 (d-13)* provides, "For the loss of an arm, or the permanent and complete loss of its use, 50% of the average weekly wage during 225 weeks."

Under *Section 8 (d-17)* an allowance is made "For the permanent, partial loss of use, etc. 50% of the average weekly wage during the portion of the number of weeks in the foregoing Schedule * * * which the partial loss of use of the member bears to the total loss of use thereof."

Plaintiff's average weekly wage was Twenty-three and 07/100 ($23.07) Dollars. Fifty (50) per cent thereof ($11.53)

for one-third (1/3) of 225 weeks is Eight Hundred Sixty-four and 75/100 ($864.75) Dollars.

An award is hereby entered in favor of claimant in said sum of Eight Hundred Sixty-four and 75/100 ($864.75) Dollars for said specific loss. Such award would be payable in monthly payments of Eleven and 53/100 ($11.53) Dollars per week. As the full amount of said award has matured prior to this date, payment of the full amount at this time is approved.

This award being subject to the provisions of an Act entitled, ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved July 2, 1935 (Sess. Laws 1935, p. 49) and being, by the terms of such act, subject to the approval of the Governor is hereby, if and when, such approval is given, made payable from the Appropriation from the Road Fund in the manner provided for in such Act.